CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
KIMBERLY FRAYN
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:21-cr-00181-GMN-DJA-2 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| OMONIYI OMOTERE ) | | PRETRIAL RELEASE |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Modification Request for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Emily McKillip, United States Pretrial Services Officer. I have reviewed the Modification Request and concur in the recommended action requested of the Court.

Dated this 15th day of March 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

By ___/S/_____.
KIMBERLY FRAYN
Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. OMONIYI OMOTERE                              Docket No.  2:21-cr-00181-GMN-DJA-2

Petition for Action on Conditions of Pretrial Release

COMES NOW EMILY MCKILLIP, UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the defendant, Omoniyi Omotere, who was ordered released by U.S. Magistrate Judge Nancy J. Koppe on September 9, 2021, on a personal recognizance bond, with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall not possess or use false or fraudulent access devices.
3. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
4. The defendant shall not obtain a passport or passport card.
5. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to State of NV and the Central District of California.
6. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
7. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
8. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
    a. Curfew:  The defendant is restricted to his/her residence every day from * to * and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
9. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology. Global Positioning Satellite (GPS) monitoring.
10. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
11. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
12. The defendant shall not obtain new bank accounts or lines of credit.
13. The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.

**Respectfully presenting petition for action of Court and for cause as follows:**

The defendant has remained in compliance with all requirements of the Location Monitoring Program, and Pretrial Services does not believe that curfew and GPS monitoring is the least restrictive means to adequately address the defendant's identified risks of nonappearance or danger to the community, and that the other ordered conditions are sufficient to mitigate the risks.

**PRAYING THAT THE COURT WILL ORDER THAT THE DEFENDANT'S CONDITIONS OF RELEASE BE MODIFIED TO REMOVE THE FOLLOWING CONDITIONS:**

1. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
    a. Curfew:  The defendant is restricted to his/her residence every day from * to * and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
2. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology. Global Positioning Satellite (GPS) monitoring.
3. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
4. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

ORDER OF COURT

Considered and ordered this __15th__ day of March, 2022 and ordered filed and made a part of the records in the above case.

_____
Honorable Nancy J. Koppe
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 15th day of March, 2022.

Respectfully Submitted,

_____
Emily McKillip   SPB
U.S. Pretrial Services Officer
Place: Las Vegas, Nevada